**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**LAMONT WALKER,**

                        **Plaintiff,**

            **-v-**                                             **09-CV-0845A(Sr)**

**SUSANNA MATTINGLY, et al.,**

                        **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6

.

Plaintiff filed this *pro se* action on September 28, 2009 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. In his complaint, plaintiff alleges that he is being impermissibly held in custody beyond his release date and seeks compensatory damages for the time he has spent in prison beyond his release date. Notably, plaintiff's complaint does not seek the immediate release from custody. Presently pending before this Court is plaintiff's motion for a temporary restraining order and preliminary injunction seeking, *inter alia*, immediate release from custody. Dkt. ##3, 4 and 7.

As alleged in plaintiff's complaint, following a parole revocation hearing held on February 28, 2008, plaintiff's parole was revoked and plaintiff was ordered to serve an

additional eighteen months in custody. Dkt. #1. Plaintiff's next eligible parole release date was July 31, 2009. *Id*. Plaintiff alleges, however, that his release has been impermissibly delayed by defendants Susanna Mattingly, plaintiff's "field" parole officer; Lisa Hoy, "facility" parole officer; James Gibbons, Senior Parole Officer; and Thomas Grant, Commissioner, New York State Division of Parole. *Id*. Specifically, plaintiff alleges that on June 20, 2009, he was informed by defendant Mattingly that his proposed release residence in Niagara Falls, New York, which is near his children, was unacceptable. Thereafter, plaintiff alleges that he advised the Division of Parole that he had no alternative address to provide and that, based on a recent amendment to New York Executive Law, § 259-(a)(6), the Division of Parole was required to assist him in securing housing.

On July 28, 2009, three days prior to his release date, plaintiff alleges that he received from defendant Hoy written notice of two "new" special conditions for release: "20. I [plaintiff] will propose a residence to be approved by the Division of Parole and will assist the Division in any efforts it may make on a motion to develop an appropriate residence[;] 21. I [plaintiff] will reside only in the residence approved by the Division of Parole." Dkt. #1. Plaintiff admits in his complaint that he refused to comply with the new conditions and was told by defendant Hoy that he would not be released until he submitted an address approved by the Division of Parole. *Id*. Accordingly, on July 29, 2009, plaintiff submitted two new addresses and both were denied by defendants Gibbons and Mattingly. *Id*. Plaintiff claims that these two new release addresses were denied by defendants due to an "unlawful/ill will and personal desire to separate plaintiff from his children and family residing in Niagara County." *Id*. Thus, plaintiff claims that he is being held unlawfully and

seeks monetary damages for the time he has spent in prison beyond his parole release date. *Id*.

On or about October 26, 2009, United States District Judge Charles J. Siragusa granted plaintiff's request to proceed *in forma pauperis*, and directed the Clerk of the Court to cause the United States Marshal Service to serve the summons and complaint on the defendants. Dkt. #5. In his Order, District Judge Siragusa noted that the complaint "appears to be one that may be at the oft-times confusing crossing of the Supreme Court's holdings in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005), and raises questions that the Court should not resolve at this stage in the litigation – *i.e.*, *sua sponte* screening of a *pro se* and prisoner complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A." Dkt. #5,pp.3-4. District Judge Siragusa concluded that plaintiff's claims may proceed at this time and that the defendants are directed to address, if relevant, the issues presented by *Heck* and *Wilkinson* in their responsive pleading. *Id*.

As noted above, presently pending before this Court is plaintiff's motion for a temporary restraining order and request for a preliminary injunction. Dkt. ##3, 4 and 7. By his motion, plaintiff seeks a temporary restraining order providing that he "be placed under the supervision of another Senior Parole Officer and placed on another Parole Officer's case load in Niagara County due to the fact that plaintiff is bringing this civil action against both defendants and the conflict of interest that would be created if this order is not

granted." Dkt. #7, p.3. Because plaintiff has neither described any efforts to notify opposing parties of his motion for injunctive relief, and his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor, *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991), it is hereby recommended that the request for a temporary restraining order be denied.

However, defendants shall file and serve a response to plaintiff's affidavit and memorandum of law in support of plaintiff's request for a preliminary injunction within **25 days** of entry of this Order. The Court anticipates that defendants will be represented by the New York State Attorney General. To ensure that defendants have notice of all the allegations plaintiff has made in support of his motion for injunctive relief, the Clerk is directed to mail a copy of Docket Nos. 1 through 7 to the Assistant Attorney General in Charge, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, New York 14202. Upon the filing of defendants' response, plaintiff's request for a preliminary injunction will be deemed submitted and taken under advisement by the Court.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning**

**objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

DATED: Buffalo, New York
December 21, 2009

s/ H. Kenneth Schroeder, Jr,
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge
