# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**LAMONT WALKER,**

                **Plaintiff,**

        **-v-**                                            **09-CV-0845A(Sr)**

**SUSANNA MATTINGLY, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6

.

Plaintiff filed this *pro se* action on September 28, 2009 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. In his complaint, plaintiff alleges that he is being impermissibly held in custody beyond his release date and seeks compensatory damages for the time he has spent in prison beyond his release date. This Court previously issued its Report, Recommendation and Order recommending that plaintiff's motion for a temporary restraining order seeking, *inter alia*, immediate release from custody (Dkt. ##3, 4 and 7) be denied. Thereafter, United States District Judge Richard J. Arcara adopted this Court's Report, Recommendation and Order denying plaintiff's request for a temporary restraining order. Dkt. #18. Presently pending before this Court is plaintiff's motion for appointment of counsel and to amend his complaint. Dkt.

#17. For the following reasons, plaintiff's motion for appointment of counsel is denied without prejudice and plaintiff's motion to amend the complaint is also denied without prejudice, subject to the following instructions set forth below.

**Motion for Appointment of Counsel**

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. As described above, plaintiff alleges that he is being impermissibly held in custody beyond his release date and seeks compensatory damages for the time he has spent in prison beyond his release date. Dkt. #1. That portion of the instant motion seeking appointment of counsel states in its entirety, "[a]t this time I am seeking assignment of counsel to assist in these matters only because with counsel I would have a much better chance at properly present [sic] the facts to the court. However, if this request is denied, please give me sometime [sic] to seek out an attorney who would be willing to assist me in this matter." Dkt. #17.

A review of the instant motion together with all the other documents filed to date in connection with this matter, reveals that plaintiff has not established that the

appointment of counsel is warranted at this time under the factors set forth above. Indeed, a review of plaintiff's complaint and motion for a temporary restraining order and preliminary injunction reveal that plaintiff has more than capably articulated his legal theories to the Court.[1] Moreover, there is nothing in the record before this Court to allow this Court to conclude that the factual and legal issues presented in this matter are complex and that at this early stage of the proceedings, that plaintiff is unable to represent himself.

Plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**Motion to Amend the Complaint**

With respect to plaintiff's motion to amend the complaint as set forth in the instant motion, plaintiff's motion is denied without prejudice for the following reasons. Plaintiff's motion reads in its entirety, "[a]lso, I am requesting permission to amend my complaint as I have misapplied some issues of law and they can only be corrected by being able to amend my complaint." Dkt. #17. To the extent plaintiff wishes to pursue his request to amend his complaint, plaintiff is hereby instructed that he must submit to the Clerk's Office for filing, a separate motion setting forth in detail the proposed

---

[1] The Court notes that plaintiff's motion for a preliminary injunction is still pending and following the filing of defendants' response to the motion for a preliminary injunction on January 13, 2010, plaintiff's request for a preliminary injunction is deemed submitted and taken under advisement by the Court. *See* Dkt. #9.

amendments and/or misapplications of issues of law to be corrected in an amended complaint and submit for the Court's consideration a proposed amended complaint. At that time, the defendants will have an opportunity to file a response to the motion to amend the complaint and thereafter, the motion will be taken under advisement by the Court. Accordingly, for the foregoing reasons plaintiff's motion to amend the complaint is denied without prejudice at this time. The Court notes that this matter is scheduled for a Preliminary Pretrial Conference on February 4, 2010 at 10:00 a.m. at which time a Case Management Order will be put into place, including a date by which the plaintiff may file a motion to amend the complaint.

**SO ORDERED.**

DATED: Buffalo, New York
January 25, 2010

s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**
